FARHAD NOVIAN (State Bar No. 118129)
farhad@novianlaw.com
JOSEPH A. LOPEZ (State Bar No. 268511)
Joseph@novianlaw.com
SHANNA JAVAHERI (State Bar No. 289014)
Shanna@novianlaw.com
NOVIAN & NOVIAN LLP
1801 Century Park East, Suite 1201
Los Angeles, California 90067
Telephone: (310) 553-1222
Facsimile (310) 553-0222

Attorney for Plaintiff,
L.A. T-SHIRT & PRINT, INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. T-SHIRT & PRINT, INC. dba RIOT SOCIETY, a California corporation<br><br>Plaintiff,<br><br>v.<br><br>RUE 21, INC., a Delaware corporation; 6 TWO APPAREL GROUP LTD., a New York corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. **Copyright infringement;**<br>2. **Vicarious and/or Contributory Copyright Infringement**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, L.A. T-SHIRT & PRINT, INC. dba RIOT SOCIETY ("Plaintiff"), by and through its undersigned counsel, complaining of the defendants RUE 21, INC. ("Rue 21"), a Delaware corporation; 6 TWO APPAREL GROUP LTD. ("6 Two Apparel"), a New York corporation; and DOES 1 through 10, inclusive (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff creates and obtains rights to unique two-dimensional non-functional artworks which are transacted primarily in and through the apparel industry. Plaintiff owns these designs in exclusivity and exploits these designs for profit by selling products bearing the designs or entering into licensing agreements for sale or display by third parties. Defendants have knowingly and intentionally used one such design in the production of unauthorized goods which infringe Plaintiff's copyrights.

## JURISDICTION AND VENUE

2. The Court has original subject matter jurisdiction over Plaintiff's federal claims arising under the Copyright Act of 1976, Title 17 U.S.C., § 101 et seq. under 28 U.S.C. § 1331, 1338 (a) and (b).

3. This Court has personal jurisdiction over the Defendants because the events or omissions giving rise to the claim occurred, the tortuous acts occurred, and a substantial part of the injury took place and continues to take place, in this judicial district and/or each of the defendants can be found in this judicial district.

4. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C §§ 1391(b), 1391(c), and 1400(a) on information and belief that: (a) this is a judicial district in which a substantial part of the events giving rise to the claims occurred the tortuous acts occurred, and a substantial part of the injury took place and continues to take place; and (b) this is a judicial district in which Defendants may be found.

## THE PARTIES

5. Plaintiff L.A. T-SHIRT & PRINT, INC. dba RIOT SOCIETY ("Plaintiff") is a California corporation with its principle place of business in the County of Los Angeles, State of California.

6. Upon information and belief, defendant RUE 21, INC. ("Rue 21") is, and at all times relevant was, a Delaware corporation and is doing business within the jurisdiction of this Court.

7. Upon information and belief, defendant 6 TWO APPAREL GROUP LTD. ("6 Two Apparel") is, and at all times relevant was, a New York corporation and is doing business within the jurisdiction of this Court.

8. Defendants DOES 1 through 10 are individuals and/or entities whose true names and capacities are presently unknown to Plaintiff. Plaintiff is informed and believes, and thereon alleges, that, at all times herein mentioned, each of the fictitiously named defendants was the agent, servant, and/or employee of his or her co-defendants and, in doing the things herein mentioned, was acting within the scope of his or her authority as such agent, servant, and/or employee, and with the permission and consent of his or her co-defendants, and that each of said fictitiously named defendants is, in some manner, liable or responsible to Plaintiff based upon the facts hereinafter alleged and thereby proximately caused injuries and damages to Plaintiff as more fully alleged herein. Accordingly, Plaintiff sues said defendants by said fictitious names. At such time as said defendants' true names and capacities become known to Plaintiff, Plaintiff will seek leave to amend this Complaint to insert said true names and capacities of such individuals and/or entities.

## PLAINTIFF'S COPYRIGHTS

9. Plaintiff owns, and had owned prior to the infringing acts complained of herein a copyright in the two-dimensional textile design it has internally designated as "Tribal Bear," which design is registered with the United States

Copyright Registration No. VA 1-953-175. Incorporated within the Tribal Bear is another one of Plaintiff's copyrighted fabric patterns which it had owned prior to the infringing acts complained of herein which it has internally designated as "Riot Society Signature Navajo Pattern," bearing Registration No. VA 1-979-414. Collectively, Tribal Bear and Riot Society Signature Navajo Pattern shall be referred to herein as the "Designs."

## **DEFENDANTS' INFRINGING CONDUCT**

10. Plaintiff is in the garment industry and regularly sells, licenses, or otherwise exploits its artwork to art galleries and garment and accessories manufacturers.

11. In or around April 2015, Plaintiff discovered that Defendants were selling garments that bear designs that are identical or substantially similar to Plaintiff's Designs ("Infringing Garments").

12. Upon information and belief, Defendants have misappropriated the Designs, and are selling Infringing Garments online and to retail stores throughout the United States, including but not limited to within this judicial district.

13. Upon information and belief, Defendants are, without Plaintiff's authorization, unlawfully reproducing, importing, distributing and/or selling Infringing Garments in this judicial district that feature a design that is identical, or substantially similar to, the Designs.

14. Upon information and belief, Defendants' infringing use of the Designs is not limited to the Infringing Garments described above, and other garments Defendants created, manufactured, caused to be manufactured, imported, distributed, and/or sold may infringe Plaintiff's copyright in the Designs.

15. On or about April 27, 2015, Plaintiff, through its counsel, addressed a letter to Defendant Rue 21 informing it of the Infringing Garments. Plaintiff demanded, among other things, that Rue 21 immediately cease and desist from using, copying, reproducing, distributing, displaying, ordering, purchasing,

manufacturing, offering for sale or advertising the Designs in any way. Plaintiff also demanded that Rue 21 provide Plaintiff's counsel with a written accounting of each and every use of the Designs by Rue 21, or any person or entity working with or for Rue 21 and to provide Plaintiff's counsel with the names, addresses, and contact information for the manufacturers, stores, websites, and companies used by Rue 21 in relation with the Designs. Plaintiff further demanded that Rue 21 provide Plaintiff's counsel with copies of all sales receipts, invoices, customer records, accounting records, and inventories of and relating to the Designs.

16. On or about April 29, 2015, Defendant 6 Two Apparel responded to Plaintiff, identifying itself as the source from which Defendant Rue 21 acquired the Infringing Garments.

17. On or about May 6, 2015, Plaintiff replied to Defendant 6 Two Apparel via letter. Plaintiff demanded, among other things, that 6 Two Apparel immediately cease and desist from using, copying, reproducing, distributing, displaying, ordering, purchasing, manufacturing, offering for sale or advertising the Designs in any way. Plaintiff also demanded that 6 Two Apparel provide Plaintiff's counsel with a written accounting of each and every use of the Designs by 6 Two Apparel, or any person or entity working with or for 6 Two Apparel and to provide Plaintiff's counsel with the names, addresses, and contact information for the manufacturers, stores, websites, and companies used by 6 Two Apparel in relation with the Designs. Plaintiff further demanded that 6 Two Apparel provide Plaintiff's counsel with copies of all sales receipts, invoices, customer records, accounting records, and inventories of and relating to the Designs.

18. Despite several follow up letters sent by Plaintiff, it has received no further response from Defendants.

19. To date, Plaintiff's counsel has not received any of the information or documents requested from any Defendant.

20. Upon information and belief, Defendants continue to misappropriate

the Designs and to unlawfully reproduce, import, distribute, and/or sell Infringing Garments, in this judicial district, featuring a design, which is identical, or substantially similar to the Designs.

## **FIRST CLAIM FOR RELIEF**

### **(For Copyright Infringement - Against All Defendants)**

21. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs designated 1 through 20, inclusive, of this Complaint, as if fully set forth herein at length.

22. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Designs and by producing, distributing and/or selling Infringing Garments.

23. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

24. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

25. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Designs in an amount to be established at trial.

26. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have imported, manufactured, cause to be manufactured and/or sold Infringing Garments.

27. Upon information and belief, Defendants also began such activities although they were fully aware of Plaintiff's superior rights to the Designs. Therefore, Defendants' acts of copyright infringement as alleged above were, and

continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants', and each of their willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Designs renders Defendants, and each of them, liable for statutory damages as described herein. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages. Plaintiff is also entitled to preliminary and permanent injunctive relief.

## **SECOND CLAIM FOR RELIEF**

**(For Vicarious and/or Contributory Copyright Infringement**

**- Against All Defendants)**

28. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 27, inclusive.

29. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of Infringing Garments featuring the Designs as alleged hereinabove.

30. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringements alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

31. By reason of the Defendants', and each of their, acts of contributory infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to his business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

32. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Designss. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Designs, in an amount to be established at trial.

33. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have imported, manufactured, cause to be manufactured and/or sold Infringing Garments.

34. Upon information and belief, Defendants also began such activities although they were fully aware of Plaintiff's superior rights to the Designs. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants', and each of their, willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Designs renders Defendants, and each of them, liable for statutory damages as described herein. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages. Plaintiff is also entitled to preliminary and permanent injunctive relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully demands the following relief against Defendants, jointly and severally, with respect to each claim for relief:

a. That Defendants, their agents and servants be enjoined from selling Infringing Garments, or otherwise infringing Plaintiff's copyright in the Designs;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final

judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

  c. That Plaintiff be awarded his attorneys' fees as available under the Copyright Act 17 U.S.C. § 101 et seq.;

  d. Directing such other relief as the Court may deem appropriate to prevent the Defendants from participating in this or other copyright infringements; and

  e. Such other relief as the Court may deem appropriate.

Dated: March 2, 2016     **NOVIAN & NOVIAN, LLP**

          By:  /s/ Farhad Novian
            FARHAD NOVIAN
            JOSEPH A. LOPEZ
            SHANNA JAVAHERI

            Attorneys for Plaintiff
            L.A. T-SHIRT & PRINT, INC.

# **CERTIFICATE OF SERVICE**

I hereby certify that, on the below date, this document was electronically filed with the Clerk of the Court through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NFF). I certify that all participants in the case are registered ECF users and that service will be accomplished by the ECF system.

Date: March 2, 2016          /s/ Farhad Novian
                             FARHAD NOVIAN